IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,080-01






EX PARTE RANDY LEE OLIVER, SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 
CAUSE NO. 98-1169-CR IN THE 25TH JUDICIAL DISTRICT 

GUADALUPE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of two counts of aggravated sexual assault and one count of sexual performance by a child.
He was sentenced to confinement for fifty years for each count of aggravated sexual assault
and twenty years for the one count of sexual performance by a child. Applicant's conviction
was affirmed on appeal. Oliver v. State, No. 04-99-00203-CR (Tex. App.--San Antonio,
delivered September 27, 2000, pet. ref'd).

 Applicant alleges, inter alia, that counsel was ineffective. Specifically, he contends
that counsel failed to object to the testimony of a State expert witness and failed to
investigate the Applicant's male anatomy. 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed, and the trial court is the
appropriate forum, because this Court cannot hear evidence. The trial court may resolve
those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order
affidavits, depositions, or interrogatories from counsel, or it may order a hearing. In the
appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether counsel investigated Applicant's claim that his penis was not the penis
depicted in the pictures offered as evidence at trial, and whether counsel objected to expert
testimony from Sharon Willis regarding the credibility of the complainant, Rose Oliver. If
the trial court determines that counsel did not investigate the above claim or did not object
to Willis' testimony, it should make findings of fact as to whether counsel was ineffective.
The trial court should also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 24TH DAY OF MAY, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.